UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW EASTERN FRESH PRODUCE CORP. and EL SOL BRANDS INC., <br><br> Plaintiffs, <br><br> - against - <br><br> PRODUCE DEPOT USA LLC, AVO DEPOT LLC, GAETANO BALZANO a/k/a GUY BALZANO, LUIS RUELAS, MICHAEL E. FELIX and HAROLD J. DISCHINO, <br><br> Defendants. | Case No. 21-cv-2227 <br><br> ~~ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED UNDER FED. R. CIV. P. 65(b)~~ <br><br> TEMPORARY RESTRAINING ORDER |

Upon reading and filing the annexed declarations of Yee Wah Chan, President of plaintiff New Eastern Fresh Produce Corp. ("NEF") executed on March 12, 2021, and Luis J. Perez, Vice President of Sales for plaintiff El Sol Brands Inc. ("El Sol") executed on March 12, 2021, the and the exhibits annexed thereto, the certification of counsel why notice should not be required pursuant to Fed. R. Civ. P. 65(b), the memorandum of law in support, and upon all other papers and proceedings heretofore had herein, and upon hearing the parties by telephone conference on March 17, 2021, it is

**ORDERED**, that the above-named Defendants ~~show cause before this Court at Room _____, United States District Court for the Southern District of New York, _____, New York, New York 10007 on March _____, 2021 at _____ o'clock __.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants~~, their customers, agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions, are enjoined, until March 31, 2021, ~~during the pendency of this action,~~ from alienating, dissipating, paying over or assigning any assets of Produce Depot USA LLC ("Produce Depot"), or its subsidiaries or

- 1 -

related companies, except for payment to Plaintiffs, until further order of this Court or until Defendants pay Plaintiffs the aggregate amount of $77,676.25 by bank check or wire transfer, at which time this Order is dissolved; ~~and it is further~~

~~**ORDERED**, that, sufficient reason having been shown therefore, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65, Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions are temporarily enjoined and restrained from alienating, dissipating, paying over or assigning any assets of the Produce Depot, or its subsidiaries or related companies, except for payment to Plaintiffs, until further order of this Court or until Defendants pay Plaintiffs the aggregate amount of $77,676.25 by bank check or wire transfer, at which time this Order is dissolved; and it is further~~

~~**ORDERED** that in the event Defendants fail to pay Plaintiffs the aggregate amount of $77,676.25 by bank check or wire transfer within two (2) business days of service of this Order, then Defendants shall file with this Court, with a copy to Plaintiffs' counsel, an accounting which identifies the assets and liabilities and accounts receivable reports of Produce Depot signed under penalty of perjury; and that Defendants shall also supply to Plaintiffs' attorney, within five (5) days of the date of this Order, any and all documents in their possession, custody or control related to the assets and liabilities of Produce Depot and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns and bank statements with cancelled checks for the last 90 days; and it is further~~

**ORDERED** that bond shall be waived in view of Defendants now holding $77,676.25 worth of Plaintiffs' assets; and it is further

**ORDERED** that service of a copy of this order and the papers upon which it is based, together with the summons and complaint, by Federal Express or other nationally recognized overnight delivery service upon the Defendants that have not yet appeared in this action, on or before March __19__, 2021, shall be deemed good and sufficient service thereof; and it is further

**ORDERED** that answering papers, if any shall be served by Defendants so as to be received by counsel for Plaintiffs at least 48 hours prior to the return date set forth herein.

ISSUED: __March 17, 2021__

_____
United States District Judge